UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

EDDIE COOK,

               Plaintiff,

      - against -

P.O. MATTHEW LEWIS, Shield No. 25652,
P.O. MATTHEW TIERNAN, Shield No. 24019
and THE CITY OF NEW YORK,

               Defendants.

-----------------------------------------------------------X

13 CV 5294 (PKC) (LB)

AMENDED
COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff, EDDIE COOK, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1.     This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3.     Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4.     Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for battery, false arrest and malicious prosecution.

## VENUE

5.     Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6.     Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7.     At all times relevant hereto, plaintiff, EDDIE COOK, was and is a natural person, resident in the County of Queens, City and State of New York.

8.     At all times relevant hereto, defendant P.O. MATTHEW LEWIS, Shield No. 25652 (hereinafter "LEWIS") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

9.     At all times relevant hereto, defendant P.O. MATTHEW TIERNAN, Shield No. 24019 (hereinafter "TIERNAN") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

10.     At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11.     On or about August 6, 2012, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

12.     More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

13.     On or about December 10, 2012, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written amended notice of claim setting forth the time, place, nature and manner in which said claims arose.

14.     More than thirty (30) days have elapsed since the aforementioned verified amended notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

15.     This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

16.     The individual defendants are sued in their individual capacities.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

17.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" hereinabove as if more fully set forth at length herein.

18.     On or about July 1, 2012, at approximately 11:30 P.M., plaintiff was lawfully present at or near the corner of 149th Street and 116th Avenue in the County of Queens, City and State of New York.

19.     At the aforementioned time and place, plaintiff was with his nephew and a female acquaintance who was smoking a Newport cigarette.

20.     At the aforementioned time and place, a New York City Police Department motor vehicle, occupied by the individual defendants and a third police officer who is not a party hereto, pulled up alongside plaintiff, his nephew and his female acquaintance.

21.     Defendant TIERNAN stated that he smelled the odor of marijuana.

22.     Plaintiff informed defendant TIERNAN that the only smoking taking place was of the Newport cigarette and that if the officer believed that it smelled like marijuana, he might wish to contact the manufacturer of Newport cigarettes.

23.     The three officers exited the aforementioned motor vehicle and approached plaintiff.

24.     Defendant TIERNAN, observing that plaintiff was holding a beverage, demanded to know what he was drinking.  Plaintiff replied that he was drinking Ocean Spray cranberry juice and showed the bottle of same that he was holding to defendant TIERNAN.

25.     One of the other officers demanded to know where plaintiff lived.

26.     In response to the inquiry as to where he lived, plaintiff produced identification.

27.     Defendant TIERNAN informed plaintiff that the officers smelled marijuana and that plaintiff was holding an open container.

28.     Defendant TIERNAN demanded that plaintiff let him smell the open container that he was drinking from.

29.     When plaintiff declined to hand over his container of cranberry juice to defendant TIERNAN for smelling, defendant TIERNAN stated that plaintiff was going to be locked up.

30.     After being threatened with arrest, plaintiff handed the container of juice to defendant TIERNAN, who promptly stuck his nose into it so he could sniff it.

31.     After smelling plaintiff's bottle of juice, defendant TIERNAN attempted to hand it back to plaintiff.

32.     Plaintiff informed defendant TIERNAN that he was no longer interested in drinking the rest of his juice after defendant TIERNAN's nose had been in it.

33.     Defendant TIERNAN now emptied the rest of the contents of the container onto the sidewalk.

34. Plaintiff stated that he wished to speak to a superior officer.

35. Defendant TIERNAN, accusing plaintiff of being a "wise ass," told plaintiff that the only thing he was going to see was the back of an ambulance and proceeded to tightly rear-handcuff him.

36. Upon being handcuffed, plaintiff told his nephew to run down the block and get plaintiff's father.

37. Plaintiff was placed in the back of a police department motor vehicle.

38. Within a few moments, plaintiff's father arrived at the scene and asked the individual defendants what was going on.

39. One of the individual defendants falsely and maliciously informed plaintiff's father that plaintiff was drunk and was resisting arrest.

40. Defendant LEWIS issued two summonses to plaintiff, one falsely and maliciously stating that plaintiff had violated a New York City Administrative Code provision by carrying in a public place an open container containing an alcoholic beverage, namely Ciroc vodka; the other falsely and maliciously stating that plaintiff had refused a lawful order to produce identification and had acted in a threatening manner, thereby allegedly committing the offense of disorderly conduct.

41. After the summonses were written, plaintiff was released.

42. One of the individual defendants informed plaintiff that if it were not the end of their tour, the individual defendants would have taken him to the stationhouse of the 113th Precinct.

43. On or about October 5, 2012, the summons for having alcohol in an open container was dismissed in Criminal Court of the City of New York, County of Queens.

44.    On or about December 7, 2012, the summons alleging disorderly conduct was dismissed in Criminal Court of the City of New York, County of Queens.

45.    Defendants LEWIS and TIERNAN violated plaintiff's right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, they, without any cause or provocation whatsoever, used excessive force upon him, arrested him without having probable cause to do so and maliciously prosecuted him.

46.    As a result of the aforementioned acts committed by defendants LEWIS and TIERNAN, plaintiff suffered a deprivation of his right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and as a result, suffered a loss of liberty and suffered serious physical injury.

47.    By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANT TIERNAN
### and THE CITY OF NEW YORK
### (Battery)

48.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" hereinabove as if more fully set forth at length herein.

49.    On or about July 1, 2012, at approximately 11:30 P.M., at or near the corner of 149th Street and 116th Avenue in the County of Queens, City and State of

New York, defendant TIERNAN, without having any probable cause to do so, nor having any probable cause to place plaintiff under arrest, offensively touched plaintiff by tightly handcuffing him.

50.    The aforesaid force used by defendant TIERNAN was not reasonable under the circumstances.

51.    At the aforementioned time and place, defendant TIERNAN was acting within the scope of his employment by defendant CITY OF NEW YORK.

52.    By reason of the aforementioned act of battery committed against plaintiff by defendant TIERNAN, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered serious physical injury.

53.    By reason of the aforementioned battery committed against him by defendant DOE 1, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant TIERNAN.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS
### and THE CITY OF NEW YORK
### (False Arrest)

54.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" hereinabove as if more fully set forth at length herein.

55.    On or about July 1, 2012, at approximately 11:30 P.M., at or near the intersection of 149th Street and 116th Avenue in the County of Queens, City and State of New York, defendants LEWIS and TIERNAN, without probable cause therefor,

forcibly, wrongfully and unlawfully arrested plaintiff and, against plaintiff's own free will, confined him within a New York City Police Department motor vehicle.

56.     Defendant LEWIS falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of consumption of an alcoholic beverage in a public place, a violation of the New York City Administrative Code and of disorderly conduct, a violation of the New York State Penal Law.

57.     Plaintiff was falsely, maliciously, wrongfully, unlawfully and illegally kept confined inside a New York City Police Department motor vehicle.

58.     At the time they committed the aforementioned acts of false arrest and false imprisonment, the individual defendants hereto were acting within the scope of their employment by defendant CITY OF NEW YORK.

59.     By reason of the false arrest and false imprisonment committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered a loss of liberty and suffered serious physical injury.

60.     By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT LEWIS
## and THE CITY OF NEW YORK
### (Malicious Prosecution)

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" hereinabove as if more fully set forth at length herein.

62.     On or about July 1, 2012, at approximately 11:30 P.M., at or near the intersection of 149th Street and 116th Avenue in the County of Queens, City and State of New York, defendant LEWIS maliciously caused a criminal prosecution to be commenced against plaintiff by his act of falsely and maliciously arresting him and charging him with consumption of an alcoholic beverage in a public place, a violation of the New York City Administrative Code, and of disorderly conduct, a violation of the New York State Penal Law.

63.     Defendant LEWIS was without probable cause to arrest plaintiff for the offenses he charged him with.

64.     On or about October 5, 2012, the charge of consumption of alcohol in a public place was dismissed in Criminal Court of the City of New York, County of Queens.

65.     On or about December 7, 2012, the charge of disorderly conduct was dismissed in Criminal Court of the City of New York, County of Queens.

66.     At the time that defendant LEWIS falsely and maliciously caused the aforementioned prosecution to be commenced against plaintiff, he was acting within the scope of his employment of defendant CITY OF NEW YORK.

67.    By reason of the prosecution maliciously commenced against plaintiff by defendant LEWIS, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff was deprived of his liberty and was required to appear in court to defend himself against the aforementioned criminal charges.

68.    As a result of the prosecution maliciously commenced against plaintiff by defendant LEWIS while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant LEWIS.

WHEREFORE, plaintiff, EDDIE COOK, demands judgment against defendants, P.O. MATTHEW LEWIS, Shield No. 25652, P.O. MATTHEW TIERNAN, Shield No. 24019 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

SECOND CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant TIERNAN;

THIRD CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants; and

FOURTH CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant LEWIS.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       February 21, 2014

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2256